UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER WILLIAMS and DARNELL WILLIAMS,

        Plaintiffs,

v.          Case No: 6:22-cv-1773-RBD-DCI

ORANGE COUNTY SCHOOL BOARD,

        Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiffs' Renewed Unopposed Motion for Court Approval of Settlement Involving a Minor (Doc. 44)
>
> **FILED:** February 6, 2024
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. Background and Procedural History

Jennifer and Darnell Williams, the parents and guardians of a minor, S.W. (Plaintiffs), initiated this case against the Orange County School Board (Defendant) pursuant to Title IX (Count I) and 42 U.S.C. § 1983 (Count II) and included state law claims for negligence (Count III), negligent infliction of emotional distress (Count IV), and negligent training and supervision (Count V). Doc. 1. By Order dated May 3, 2023, the Court granted in part Defendant's Motion to Dismiss to the extent the Court dismissed without prejudice Counts III and V and found that

Plaintiffs may not recover emotional damages on the Title IX claim and may not base the negligent training claim on Defendant's failure to implement policies. Doc. 31.

The Court allowed Plaintiffs to file an Amended Complaint to which Defendant filed an Answer. Docs. 32, 33. The parties subsequently settled the matter at mediation and moved for an extension of the case management deadlines to give time for the Orange County School Board to approve the settlement. Doc. 35. The Court approved the request and directed Plaintiffs to file on or before January 23, 2024 a motion for Court approval of settlement or, alternatively, a notice that the Orange County School Board did not approve the settlement. Doc. 36.

Plaintiffs filed the request for approval (Doc. 37, the Initial Motion), but the Court denied it without prejudice for failure to comply with Local Rule 3.01(a). Doc. 43. Plaintiffs have now filed their Renewed Motion for Court Approval of Settlement Involving a Minor. (Doc. 44) (the Motion). In support of the Motion, Plaintiffs refer the Court to their previously filed Closing Statement, the Orange County School Board's Agenda Item Approving Settlement, and the redacted Settlement Agreement and General Release (the Agreement). Docs. 37-1, 37-2, 41-1.[1]

Plaintiffs state that the Motion is unopposed and no response in opposition has been filed.

## II.    Standard

As an initial matter, Plaintiffs contend that the Court should apply Florida law to review the settlement and the undersigned agrees.[2] Federal law does not speak to the standard the Court

---

[1] Plaintiffs are reminded that this type of reference to previous filings violates Local Rule 3.01(a).

[2] Plaintiffs allege in the operative pleading that Defendant violated S.W.'s civil rights pursuant to Title IX and 42 U.S.C. § 1983. Doc. 32. Plaintiffs also brings claims for negligence based on Defendant's alleged failure to intervene, train, and supervise, and Negligent Infliction of Emotional Distress. *Id*. Since the settlement resolves all claims, the parties' resolution involves both federal and Florida law.

should employ in determining whether to approve a settlement agreement involving a minor. *See Meyers v. U.S.*, 2014 WL 5038585 (M.D. Fla. Sept. 29, 2014). As one Court noted, "it is arguable whether Florida law regarding the approval of a minor's settlement agreement applies" to a federal action "arising in part under federal law." *P.W. Duval Cnty. Sch. Bd.*, 2022 WL 16725119, at *2 n.1 (M.D. Fla. Oct. 25, 2022*)* (citing *Garcia v. United States*, 2018 WL 889433, at *2 n.3 (M.D. Fla. Jan. 26, 2018), *report and recommendation adopted by*, 2018 WL 838975, at *1 (M.D. Fla. Feb. 13, 2018); (*Casey v. Gartland*, 2020 WL 4470444, at *1 (M.D. Ala. Aug. 4, 2020) ("It is unclear whether federal or state law governs whether a federal court should approve the settlement of a federal claim brought by, or otherwise implicating the interest of, a minor . . .."); *Meyers v. United States*, 2014 WL 5038585, at *2-4 (M.D. Fla. Sept. 29, 2014)).

But "[w]hen confronted with a gap in a federal statutory scheme, federal courts may, depending on the circumstances, choose to adopt state law rather than craft a uniform federal rule." *Mitchell v. City of S. Daytona*, 2022 U.S. Dist. LEXIS 157394, at *4 (M.D. Fla. Aug. 15, 2022), *report and recommendation adopted by*, 2022 U.S. Dist. LEXIS 157396 (M.D. Fla. Aug. 31, 2022) (citing *Myers*, 2014 WL 5038585, at *3). It, therefore, has been deemed "useful and appropriate to follow state law when asked to approve a minor's settlement given that state law on the relevant issues 'is well developed, while federal law on these issues is limited.'" *P.W.*, 2022 WL 16725119, at *2 n.1 (quoting *Meyers*, 2014 WL 503585, at *4; *Casey*, 2020 WL 4470444, at *1). Accordingly, "[c]ourts in this District have elected to apply Fla. Stat. § 744.387(3)(a) when addressing settlement agreements involving a minor with claims arising under federal law." *Mitchell*, U.S. Dist. LEXIS 157394, at *4 (collecting cases).

In Florida, court approval of any settlement on behalf of a minor is required after an action is commenced. Fla. Stat. § 744.387(3)(a). A court only considers the best interest of the child in

determining whether to approve the settlement. Fla. Stat. § 744.387(1); *see also Meyers*, 2014 WL 5038585, at *2 (citing *Bullard v. Sharp*, 407 So. 2d 1023, 1024 (Fla. 4th DCA 1981)). "'In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties.'" *Id*. at *4 (quoting *In re Smith*, 926 F.2d 1027, 1028–1029 (11th Cir. 1991)). The purpose of court approval "is to protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. 2d DCA 2013) (citing Fla. Stat. § 744.387).

When the settlement involves a contract for legal services on behalf of a minor, the trial court must consider: 1) whether it was reasonably necessary to employ an attorney on behalf of the minor; 2) whether the contract was fair and reasonable at the time it was entered into; and 3) whether the contract was fair in relation to the amount of legal services performed. *See Nixon v. Bryson*, 488 So.2d 607, 609 (Fla. 3d DCA 1986); *see also Wilson v. Griffiths*, 811 So.2d 709, 713 (Fla. 5th DCA 2002).

### III. Discussion

Before the undersigned addresses the terms of the Agreement, the undersigned will consider Plaintiffs' contention that the Court may approve the settlement without appointment of a guardian ad litem to represent S.W. The undersigned agrees that appointment is not necessary.

The Eleventh Circuit has held that "'[t]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure.'" *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (quoting *Roberts v. Ohio Casualty Ins. Co.*, 256 F.2d 35, 38 (5th Cir. 1958)). "*Burke* was an *Erie* case, but its holding—that Rule 17(c) is broad enough to control the question of whether the Court should appoint a guardian ad litem—is no less

applicable in cases arising under federal law than in diversity cases." *Barrett v. Fecna Am.*, 2020 WL 3841295, at *2 (M.D. Fla. May 20, 2020) (quoting *Meyers*, 2014 WL 5038585, at *3). "[U]nless a conflict of interest exists between the representative and minor, a district court need not even consider the question whether a guardian ad litem should be appointed." *Burke*, 252 F.3d at 1264. When a parent who is also a party to the lawsuit represents the minor and has the same interest as the child, there is generally no conflict of interest. *Id.*

Here, Plaintiffs assert without opposition that they are S.W.'s parents and natural guardians; S.W. resides with them; and there is no apparent conflict. Doc. 44 at 6-7. There are also no facts before the Court to indicate that Plaintiffs have not adequately represented S.W.'s needs and interests in this matter or that their decisions have compromised S.W.'s health, education, or welfare. Accordingly, the undersigned recommends that the appointment of a guardian ad litem is unnecessary. *Caraballo-Ramos*, 2023 WL 8622071, at *2 (M.D. Fla. July 17, 2023), *report and recommendation adopted by*, 2023 WL 8622069 (M.D. Fla. Sept. 13, 2023) (denying a motion for appointment of a guardian ad litem when there was no apparent conflict of interest between the minor and the minor's mother and full-time legal guardian).

Turning to whether the settlement is in the best interests of S.W., the parties have settled the matter for $65,000.00 (reduced by $26,000.00 for the "contractual attorney's fee" with the $39,000.00 remainder made payable to Plaintiffs). Docs. 37-1. 44-1. Plaintiffs explain that they intend to use $14,000.00 of the settlement for S.W.'s immediate care and needs and will place the remaining $25,000.00 in an annuity for S.W. for her use when she reaches the age of 18. Doc. 44 at 2, 4, 6-7. Plaintiffs state that they have entered into a binding contingency fee agreement with

their attorney and "[t]o this point, the fee is a contingency fee of forty percent, exclusive of costs, is customary and reasonable in Florida." *Id.* at 4.[3]

Having reviewed the Agreement and supporting documentation, the undersigned finds no issue with the total amount of the settlement ($65,000.00) and the terms of the Agreement. Namely, the undersigned discerns no problem with the release, confidentiality and non-disparagement, and covenant not to sue provisions. *See* Doc. 44.

With respect to the distribution of the settlement amount, the undersigned does not generally have an issue. Upon review of the Initial Motion, the undersigned had some concern regarding the distribution of the $14,000.00 (*See* Doc. 43 at 2), but is now satisfied that Plaintiffs' use of that amount for S.W.'s immediate care and needs appears permissible pursuant to Florida Statutes section 744.301(2)(b).[4] *See M.C. v. Putnam Cnty Sch. Bd.*, 2023 Fla. Cir. LEXIS 1098, at *1 (granting a motion for approval of a minor's settlement and directing that a portion of the settlement be delivered to the mother to manage on behalf of the minor in conformity of Section 744.301(2)(b)).

That said, the undersigned finds that approval should be contingent upon a Court directive related to the remaining $39,000.00. According to a footnote in the Closing Statement, "[t]he proceeds will be disbursed with $25,000.00 being placed in an Annuity for S.W. until the age of majority and $14.000.00 being disbursed to the parents of S.W. for the care and benefit of S.W."

---

[3] Plaintiffs provide that their attorney has waived costs for S.W. Doc. 44 at 4.

[4] Section 744.301(2)(b) provides that a guardian, without appointment, authority, or bond, may collect, receive, manage, and dispose of the proceeds of any settlement if the amounts received in the aggregate do not exceed $15,000.

Doc. 37-1. That plan for distribution, however, is not reflected in the Agreement. *See* 41-1.[5] Instead, the Agreement provides that the Allen Law Firm, P.A. will distribute payments to Jennifer and Darnell Williams "in accordance with separate agreements between or among [the Allen Law Firm, P.A.] and [Jennifer and Darnell Williams.]" Doc. 44-1 at 1. Plaintiffs have not disclosed to the Court the nature of those "agreements" and Plaintiffs' statement in the Motion that they "intend" to use the $14,000.00 for S.W.'s immediate care and "intend" to put the remainder in the annuity is not enough. Since the Court is tasked with reviewing the settlement for the best interests of the child, if the Court adopts this report, the undersigned recommends that the Court include a directive on the disbursement.

The undersigned otherwise finds no issue with the settlement. Specifically, the undersigned finds no evidence of collusion as an attorney shared S.W. and Plaintiffs' interests in maximizing the settlement amount during a mediation. Regarding the attorney fee allotment, the undersigned finds that employing an attorney on behalf of S.W. was reasonably necessary in this case. As to the amount and work performed, Plaintiffs have submitted the Closing Statement which reflects the amount of the fee and costs (fee at 40% = $26,000.00 and zero costs).[6] The undersigned finds that amount to be reasonable and appears fair in relation to the amount of legal services performed (e.g., response to dispositive motion, amended pleading, and mediation resulting in settlement).

---

[5] The Agreement mandates the payment of the $65,000.00 but does not mention the $25,000.00 designated to go into the annuity or the $14,000.00 direct payment to Plaintiffs. Doc. 41-1.

[6] The Florida Bar rules permit contingency agreements of 40% in certain situations. *See* Fla. Bar. Rule 4-1.5(f)(4)(B)(i).

Overall, the undersigned finds that no provision under the circumstances of this case renders the settlement fundamentally unfair, unreasonable, or otherwise contrary to S.W.'s best interests.

### IV. Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that the Court:

1. **GRANT** the Plaintiffs' Motion (Doc. 44) and approve the settlement;

2. **DIRECT** Plaintiffs, upon the Allen Law Firm, P.A's distribution of the payment to Plaintiffs as described in the Agreement at paragraph No. 3 entitled "**Payment by the School Board**" (Doc. 44 at 1), to place $25,000.00 in an annuity for S.W. until the age of majority and to utilize the remaining $14,000.00 for the care and benefit of S.W.; and

3. **DISMISS** the case.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on February 20, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy